By the Court.
The proceeding instituted by the prosecuting attorney is under favor of Sections 13680 and 13681, General Code. These sections were derived from Sections 156 and 157 of the Code of Criminal Procedure passed May 6, 1869 (66 O. L., 287). Some intermediate changes were made at the time of codifications, but they are not deemed to be of importance. -
The first of the two sections provides for a bill of exceptions to be taken by the defendant on account of errors conceived by him to have intervened to his prejudice and with a view to the reversal of a judgment of conviction.
*143 The second originally and now provides for exceptions to be taken by the prosecuting attorney, not with a view to procuring reversal of an acquittal of the defendant, but to obtain the judgment of this court for the settlement of the law for the deter: mination of future cases.
The first of the two sections provides that “The taking of all bills of exceptions shall be governed by the rules established in civil cases.” The second provides that “The prosecuting attorney or the attorney general may except to a decision of the court and may present a bill of exceptions thereto, which the court shall sign, and it shall be made a part of the record.” This section in its original form as Section 157 contained the provision “which bill shall be made a part of the record, and be in all respects governed by the rules established as to bills of exceptions in civil cases, except as herein provided.” The requirement of the statute with respect to civil cases is that a bill of exceptions must be filed within forty days of the judgment in the case. The contention on behalf of the state is that this requirement with respect to civil cases does not obtain with respect to exceptions taken by a prosecuting attorney, because the provision just quoted from Section 157 of the original code is omitted from Section 13681, General Code, now in force.
It is pertinent to observe that there is no authority except the statute for the taking of a bill of exceptions, and that with respect to all proceedings in error it is required that the provisions of the statute be substantially complied with. The former of the *144 two sections quoted prescribes the requisites to a bill of exceptions. One of those requisites, by the express terms of the statute, is that the taking of all bills of exceptions must be governed by the rules established in civil cases. There being in Section 13681 no express provision of the statute upon that particular subject, it must be taken for granted that the bill of exceptions which the prosecuting attorney or attorney general may tender to a trial judge for signature is a bill of exceptions which complies with the definition contained in the preceding section. Having defined the bill in one section, the legislature was not required to give the definition of it or state any requisite with respect to the taking of a bill in the section immediately following. Either this conclusion must be adopted or it must be assumed that at any time, no matter how remote from the trial, a bill of exceptions may be presented to the trial judge, for there is no other provision with respect to the time of the taking of the bill.
On mature reflection and an analysis of the statute we are of the opinion that the bill of exceptions was not so taken as to become a part of the record and it will be dismissed.

Exceptions dismissed.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.